HENRY et al. v. LEDERER, Collector of Internal Revenue.

(District Court, E. D. Pennsylvania. January 19, 1923.)

No. 8464.

Internal revenue ⬢➤38—Cannot be determined as matter of law that stenographer in Medical Department not serving in military forces.

Where a stenographer in the "Medical Department at Large" of the army took the oath of office prescribed by Rev. St. § 1757 (Comp. St. § 3218), signed the muster roll, and served at various hospitals in the United States and France until her death in the line of duty, it might be found that she was serving in the military forces of the United States, within Revenue Act 1918, § 401 (Comp. St. Ann. Supp. 1919, § 6336¾b), exempting the estates of persons so serving in view of section 1 (section 6371¼a), providing that the definition of military or naval forces shall not exclude other units, and hence the question could not be determined as matter of law on an affidavit of defense raising questions of law.

At Law. Action by Mary G. Henry and another, executors of Adeline Pepper Gibson, deceased, against Ephraim Lederer, Collector of Internal Revenue for the First District of Pennsylvania. On affidavit of defense raising questions of law. Statutory demurrer overruled.

Charles Sinkler, of Philadelphia, Pa., for plaintiffs.

George W. Coles, U. S. Dist. Atty., of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The plaintiffs sue to recover $56,-394.28 alleged to have been unlawfully assessed and collected as an estate tax under the Revenue Act of 1917 upon the net estate of Adeline Pepper Gibson, deceased, and paid by the plaintiffs under protest.

They claim military exemption under the following circumstances. On March 29, 1918, the Surgeon General of the United States Army, with the approval of the Secretary of War, appointed the deceased a "stenographer in the United States Army, Medical Department at Large, at a salary of $720 per annum, with rations and lodging." On April 3, 1918, upon direction of the Surgeon General, she took the oath of office prescribed by section 1757, R. S. (Comp. St. § 3218), and, having signed the muster roll to serve for two years, or the duration of the war, entered upon the duties of her appointment as stenographer, serving at various hospitals in the United States, and, having been ordered overseas, reported for duty on August 5, 1918, with Base Hospital No. 38, Service of Supplies, American Expeditionary Forces, at Nantes, France. She remained there on duty until December 18, 1918, when she was ordered "from duty to sick in hospital," and died in hospital January 10, 1919, in line of duty.

The plaintiffs duly filed a return for federal estate tax, and a claim for exemption under section 401 of the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 6336¾b), providing that:

"The taxes imposed by * * * title IX of the Revenue Act of 1917 shall not apply to the transfer of the net estate of any decedent who has died or may die while serving in the military or naval forces of the United States in the present war or from injuries received or disease contracted while in such

service, and any such tax collected upon such transfer shall be refunded to the executor."

Section 1 of the said act (Comp. St. Ann. Supp. 1919, § 6371¼a) provides:

"The term 'military or naval forces of the United States' includes the Marine Corps, the Coast Guard. the Army Nurse Corps, Female, and the Naval Nurse Corps, Female, but this shall not be deemed to exclude other units otherwise included within such term."

The claim for military exemption was denied by the Commissioner of Internal Revenue. Plaintiffs thereupon, on July 7, 1920, paid the tax under protest, and, having duly filed a claim for refund, which was rejected by the Commissioner of Internal Revenue, brought this suit upon the ground that no federal estate tax was due, because Miss Gibson died while serving in the military forces of the United States in the war against the German Government. The question to be determined, therefore, is whether the ultimate facts set out in the statement of claim under the Pennsylvania Practice Act of 1915 (Pa. St. 1920, § 17181–17204) are sufficient to establish a good cause of action.

The term "military or naval forces of the United States," by the provisions of section 1, supra, includes certain enumerated units, but is not to be deemed to exclude other units otherwise included within such term. The force with which the decedent was connected was the United States Army, Medical Department at Large, which would presumably include units not excluded from the term "military forces" in section 401, so far as her status is concerned.

The Revenue Department draws a distinction between persons serving "*in* the Army" and persons serving "*with* the Army," and contends that combatants only are recognized as *in* the military service, for which purpose they are either commissioned as officers or regularly enlisted as soldiers, and that civilian noncombatants, while subject to military law, orders, and discipline in accordance with the Articles of War, are not *in* the military forces but are serving *with* the military forces and are without military status.

There have been decisions of the Judge Advocate General and of the courts, construing other acts of Congress, which have strong argumentative force, but the questions raised in the instant case have not been conclusively determined, so far as from the diligent search of counsel, has been made to appear. The facts set forth in the statement of claim, if proved by evidence produced at the trial, may well be found to justify the claim that Miss Gibson was serving *in* the military forces of the United States.

There is no apparent ground for holding that Congress intended to exclude the estates of noncombatants from exemption. The contrary intention may be justified, and the law as applied to this case may best be determined when the court has before it all the evidential facts. It is my opinion, therefore, that the statement of claim is sufficient, and the question whether Miss Gibson died while actually serving in the military forces of the United States is a trial question, and cannot be determined against the plaintiffs as a matter of law, from the allegations in the statement of claim.

The statutory demurrer is overruled.